UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GROSS
on his own
behalf and others
similarly situated,

    Plaintiff,

Case Number 8:17-CV-1208-T-30 AAS

v.

PELICAN POINT SEAFOOD of
TARPON SPRINGS, LLC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, (on his own and on behalf of others similarly situated) was an employee of Defendant, a foreign for profit corporation, and brings this action for unpaid wages, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff(s) worked as an hourly worker for Defendant and performed related activities for Defendant in Pinellas County, Florida.

2. Defendant is a Florida for profit corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore, within the jurisdiction of the Court. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendants' customers) which do not originate from Florida. Defendant is a large commercial fish

house that has both a retail eatery and fish processing enterprise, in part supplying several other restaurants from fish caught on the both on "in-shore" waters as well as international waters. Upon information and belief, Defendant grosses far in excess of $500,000.00 in annual revenue at all times material to this case, including the 36 months prior to November 19, 2016.

3. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for the Defendant at any time within the past three (3) years.

4. The Court has jurisdiction over Plaintiff(s) claims as all material events transpired in Pinellas County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all material times relevant to this action, Plaintiff(s) in his capacity as an employee(s) were individually covered by the FLSA. Plaintiff provided labor services, including the cutting and processing of fish caught in the Gulf of Mexico, that were caught on the Defendant's boats. Defendant supplied seafood to Defendant's own retail facility and also to other retail facilities.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff(s) performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff(s) for all hours worked during their employment.

8. During their employment with Defendant, Plaintiff(s), and those similarly situated to them, were not paid for all time worked during one or more work weeks. Specifically, Defendant failed to pay Plaintiff and those similarly situated to them for work performed off the clock, including but not limited to requiring Plaintiff(s) to work without compensation. In some cases, including but not limited to July 1st 2016 through November of 2016, Defendant worked Plaintiff far in excess of forty hours a week, yet Defendant recorded substantially less than forty hours a week in order to avoid paying Plaintiff overtime at the correct rate of pay. In addition, throughout his employment, Plaintiff worked through breaks and lunches and came in early and stayed late to meet the demands of the employer and those hours were not properly recorded nor were those hours properly paid by in the form of compensation to the Plaintiff.

9. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff(s), and others similarly situated to them, true hours of work. Defendant did not turn over complete documentation to Plaintiff prior to the institution of this lawsuit, particular in regards to the actual work schedules that dictated Plaintiff's work schedule and which would have been necessary to fully flesh out the amount that Plaintiff would be reasonably owed by Defendant. The extent to which other similarly situated workers may be owed wages under the FLSA has yet to be determined.

## **RECOVERY OF OVERTIME WAGES COMPENSATION**

10. Plaintiff(s) reincorporates and readopts all allegations contained within Paragraphs 1-9, above.

11. Plaintiff(s), and those similarly situated to them, are/were entitled to be paid their regular rate of pay for each hour worked per work week. Likewise, Plaintiff(s) and those similarly situated to them are/were entitled to be paid time and a half for each hour worked over 40 hours each week of their employment. During their employment with Defendants, Plaintiff(s), and those similarly situated to them, regularly worked hours for each week and were not paid even minimum wages for said time. Plaintiff attest that Defendant employees as many as five or more employees who are also employed in a similarly capacity are also not paid for overtime at the correct rate of pay and in some cases work for Defendant without properly recording the time worked by these similarly situated employees.

12. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to them, their correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff, and those similarly situated to them, have suffered damages plus incurring reasonable attorneys' fees and costs.

13. As a result of Defendant's willful violation of the FLSA, Plaintiff(s), and those similarly situated to them, are entitled to payment of the unpaid wages under Florida law, as well as minimum wages liquidated damages under the FLSA.

14. Plaintiff(s) demands a trial by jury.

WHEREFORE, Plaintiff(s), and all other similarly situated employees, demand judgment against Defendant, for the payment of all hours at the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated

damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

*David Gross*

David Gross

DATED this 16 day of May, 2017.

W. John Gadd, Esq.
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com