**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID GROSS, on his own behalf and others similarly situated,**

    Plaintiffs,

v.   Case No. 8:17-cv-1208-T-30AAS

**PELICAN POINT SEAFOOD OF TARPON SPRINGS, LLC,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice (Dkt. 19) and Defendant's Response in Opposition (Dkt. 23). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

## BACKGROUND

On May 22, 2017, Plaintiff David Gross filed this collective action against Defendant Pelican Point Seafood of Tarpon Springs, LLC under the Fair Labor Standards Act ("FLSA"), alleging that he and other similarly situated employees were entitled to overtime compensation. Plaintiff moves to conditionally certify a collective action of "current and former hourly-paid laborers who work(ed) at Defendant's location in Pinellas County, Florida between May 22, 2014 and the present; who worked hours for which they were not

compensated, in some cases working more than forty (40) hours per week, without lawful and proper and complete overtime compensation." (Dkt. 19).

At this early stage, "the notice stage," Plaintiff must show that there are other similarly situated employees who desire to opt-in to the action. Plaintiff does not meet this burden and, therefore, the Court will not certify the proposed class.

## DISCUSSION

Pursuant to the FLSA,

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under §216(b). *See Cameron-Grant v. Maxim Healthcare Sys.*, 347 F.3d 1240, 1242 (11th Cir. 2003) (citing *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision -- usually based only on the pleadings and any affidavits which have been submitted -- whether notice of the action should be given to potential class members." *Id.* at 1243. The Court must determine whether there are other employees who desire to opt-in and whether

those employees are similarly situated. *See Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The onus is on Plaintiff to demonstrate a reasonable basis for the assertion that there are other employees who desire to opt-in. *See Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-cv-770-T-27MSS, 2006 WL 752831, at *3 (M.D. Fla March 23, 2006) (quoting *Haynes v. Singer Co., Inc.*, 696 F. 2d 884, 887 (11th Cir. 1983)). Although this is a lenient standard, mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification. *Id.*; *see also Hart v. JP Morgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012); *David v. Associated Out-Door Clubs, Inc.,* No. 8:09-cv-1541-T-30MAP, 2010 WL 1730702, at *1-*2 (M.D. Fla. April 27, 2010).

Here, although three individuals have filed notices of consent to opt-in this action, Plaintiff fails to establish that these individuals and any other individuals are similarly situated. Pelican Point is a wholesale and retail seafood supplier. According to the Declaration of its President, Julie Russell, Pelican Point employs approximately eighteen employees at a time. *See* (Dkt. 23-1). The employees work in separate departments, depending on their job and duties. Specifically, Pelican Point employs approximately: 9-10 "cashiers/front counter"; 4 "shrimp processors"; 1 "fish cutter"; and 3 "Back of the House" employees. *Id.* Plaintiff worked as the only fish cutter during the relevant time.

Plaintiff's motion relies on his Declaration. Plaintiff states that he was similarly situated to "hourly employees who performed labor related work" to the extent that they were

not compensated for overtime wages. (Dkt. 19). Later in his Declaration, he states that "[t]here exists other individuals who are similarly-situated to [Plaintiff] in that they . . . performed manual labor related to Defendant's business operations in Florida," they were "hourly-paid, non-exempt workers," and were subject to Defendant's "policy and practice" of violating the FLSA. *Id.*

Plaintiff's Declaration is insufficient to establish that there are other similarly situated employees because a class of "hourly-paid laborers" would presumably cover nearly every employee, despite the fact that Pelican Point is comprised of four separate departments, and the employees within those departments have different job titles and duties. For example, the majority of Pelican Point's employees work as "cashiers/front counter." The proposed class would potentially include the cashiers, to the extent that they were "non-exempt" and performed "labor" on an hourly basis. This is too broad. Moreover, Plaintiff's Declaration does not address how the individuals who opted-in this action are similarly situated to Plaintiff with respect to their job duties and responsibilities. Plaintiff was the only fish cutter. And Russell's Declaration states that the opt-in individuals were employed as "Shrimp Processors and/or Back of the House employees," which is different from the fish cutter job (Dkt. 23-1).

Notably, this Court previously denied a plaintiff's motion to conditionally certify a broad class of non-exempt "former hourly-paid laborers," and remarked that if "such a broad and inexact class of employees were sufficient to conditionally certify a class under the FLSA, the conditional-certification standard would not merely be a lenient one, but a

meaningless one." *See White v. SLM Staffing LLC*, No. 8:16-CV-2057-T-30TBM, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016). Likewise, Plaintiff's proposed class in this case is too expansive to meet the similarly-situated requirement.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice (Dkt. 19) is denied.

2. The opt-in Plaintiffs are dismissed from this action without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record